a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TREVOR COLE #67573-054,<br>Plaintiff | CIVIL DOCKET NO. 1:25-CV-01199<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WARDEN GARRETT ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil Complaint (ECF No. 1) filed *in forma pauperis* by pro se Plaintiff Trevor Cole ("Cole"), a prisoner at the United States Penitentiary in Atwater, California. Cole seeks damages under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*[1] and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.

Because Cole fails to state a viable *Bivens* claim, that portion of his Complaint should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Cole seeks damages for injuries suffered when he was attacked by other prisoners at the United States Penitentiary in Pollock, Louisiana. Cole asserts that

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

he yelled for help, but officers deliberately ignored him. ECF No. 1 at 7. He alleges that he was stabbed in front of Officers Powell and Durrant. *Id.*

## II. Law and Analysis

Unlike § 1983, *Bivens* is not a Congressional statute that "entitles an injured person to money damages if a state official violates his or her constitutional rights." *Ziglar v. Abbasi*, 582 U.S. 120 (2017). It was created as a judicial remedy to address a Fourth Amendment claim for unreasonable search and seizure. *Bivens*, 403 U.S. at 389–90 (manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment). Since then, the Supreme Court has only extended *Bivens* beyond the deprivation of Fourth Amendment rights twice: for violations of the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman*, 442 U.S. 228 (1979), and for violations of the Eighth Amendment prohibition against cruel and unusual punishment for a deceased prisoner deprived of medical attention by officials who knew of his serious medical condition, *Carlson v. Green*, 446 U.S. 14 (1980); *Butts v. Martin*, 877 F.3d 571, 571 (5th Cir. 2017) (citation omitted). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *See Abbasi*, 582 U.S. at 131.

In the decades since *Bivens*, "the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 135 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). The Supreme Court has even "gone so far as to observe that if the Court's three *Bivens* cases [had] been . . . decided today, it is

2

doubtful that [it] would have reached the same result." *Hernandez v. Mesa*, 589 U.S. 93, 101 (2020) (internal quotation marks omitted) ("for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*"). The Supreme Court opined that "Congress is best positioned to evaluate whether, and the extent to which, monetary and other liabilities should be imposed upon individual officers and employees of the Federal Government based on constitutional torts." *Id.* (internal quotation marks omitted).

District courts conduct a two-part inquiry to determine whether a *Bivens* remedy should be extended: (1) whether the *Bivens* claim represents a new context, and if so, (2) whether there are any existing remedial processes for addressing the alleged harm or other special factors counseling hesitation against extending *Bivens*. *Oliva v. Nivar*, 973 F.3d 438, 441–42 (5th Cir. 2020); *Cantu v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019)); *Rroku v. Cole*, 726 F. App'x 201, 205 (5th Cir. 2018) (citation omitted). "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Abbasi*, 582 U.S. at 137.

Cole's claim presents a new context to which *Bivens* has not been extended. Even though *Carlson* created a cause of action for an asthmatic prisoner's Eighth Amendment failure to medicate claim, it did not create a cause of action for a prisoner's Eighth Amendment failure to protect or intervene claim. *Looper v. Jones*, 22-40579, 2023 WL 5814910, at *2 (5th Cir. Sept. 8, 2023); *see also Hernandez*, 589 U.S. at 103 (*Bivens* claim "may arise in a new context even if it is based on the same

3

constitutional provision as a claim in a case in which a damages remedy was previously recognized").

There are also special factors counseling hesitation against extending *Bivens* to claims based on a federal officer's failure to protect a prisoner from harm by other prisoners. When enacting the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, 15 years after *Carlson*, "Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs." *Abbasi*, 582 U.S. at 148. But Congress chose not to "provide for a standalone damages remedy against federal jailers," and arguably "chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment." *Id.* at 149.

Additionally, the FTCA provides a potential alternative remedy and militates against expansion of *Bivens*. *See Stone v. Wilson*, 4:20-CV-406, 2021 WL 2936055, at *7 (N.D. Tex. July 13, 2021). The FTCA waives the Government's sovereign immunity from tort claims that arise from the negligent or wrongful acts or omissions of federal employees in the course of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(b)(1). Cole is also seeking relief under this alternative remedy.

Finally, as the Fifth Circuit stated in *Butler v. S. Porter*, 999 F.3d 287, 295 (5th Cir. 2021), "separation-of-powers concerns counsel against extending *Bivens*." "Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." *Id.* (quoting *Turner v. Safley*, 482 U.S. 78, 84–85 (1987), *superseded by statute on other grounds*,

4

42 U.S.C. § 2000cc-1(a)). Prison administration is a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint. *Id.*

III. Conclusion

Because Cole's claim presents a new context to which *Bivens* should not be extended, IT IS RECOMMENDED that the *Bivens* claim against all Defendants be DENIED and DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i) and (ii). The FTCA claim against the United States will be served pursuant to a separate Order.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, December 2, 2025.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE